UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian K. Hall, et al.,                                             Case No. 3:17-cv-821

          Plaintiffs

v.                                                      MEMORANDUM OPINION
                                                        AND ORDER

Edgewood Partners Insurance Center, Inc.,

          Defendant

This matter is before me on the Defendant's motion for a temporary restraining order (Doc. No. 11) and Plaintiffs' opposition (Doc. No. 15). Also before me are the post-hearing supplemental briefs of the parties (Doc. Nos. 19 and 22) including exhibits. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

In the late 1980's, Brian Hall and Michael Thompson began working in the commercial property and casualty insurance industry aimed at the equipment rental market. In late 1996, Hall and Thompson formed the entity Hylant Specialty Programs and continued to sell and market property and casualty insurance in this same market throughout the United States.

In the spring of 2012 and pursuant to an asset purchase agreement, USI acquired certain assets from Hylant. Both Hall and Thompson were employed by USI and both their employment agreements with USI contained restrictive covenants including confidentiality, non-competition, and non-solicitation.

In December 2016, Edgewood Partners Insurance Center, Inc. acquired certain assets of USI's equipment and rental business including the right to enforce the restrictive covenants in the Hall and Thompson agreements. Hall and Thompson were advised their talents would be utilized until May 2017, at which time they would become employees of EPIC.

In March 2017, Hall was advised he would not be offered employment with EPIC. A month later, Thompson was offered a position with EPIC albeit with reductions in compensation and benefits. When Thompson advised EPIC he would not execute the employment agreement, he was immediately terminated.

On April 17, 2017, Hall and Thompson initiated this complaint for declaratory relief against EPIC relative to post-employment restrictive covenants. Plaintiffs seek a declaration that they be permitted to continue to work with their long-standing and pre-existing clients developed prior to EPIC's acquisition of USI.

Two days later Plaintiffs filed a motion for an expedited hearing on their declaratory judgment action. (Doc. No. 4). On April 27, 2017, I held a telephonic status conference and set a hearing for May 24th.

Defendant filed its motion for a TRO and preliminary injunction on May 10, 2017. Defendants want Plaintiffs enjoined from violating the terms of their post-employment restrictive covenants. Specifically, the Defendants want the Plaintiffs to cease soliciting, directing or indirectly, or accepting business from EPIC's restricted clients.

On May 15, 2017, I conducted a hearing on Defendant's motion.

## APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), I must examine and weigh the following factors to determine the propriety of a TRO or a preliminary injunction: (1) whether the moving party has shown a

strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).

## DISCUSSION

I have reviewed all of the pleadings, memoranda, exhibits and supplemental filings, including those items filed under seal. I am cognizant that the purpose of a TRO is to preserve the status quo until there is a determination on a request for a preliminary injunction. *See First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); 13 Moore's Federal Practice § 65.30 (3d ed. 2016).

Both sides agree that New York law applies to the restrictive covenants at issue. The essential issue is whether Plaintiffs have a legitimate business interest in these long-standing, pre-existing clients under the common law exception contained in *BDO Seidman v. Hirshberg*, 712 N.E.2d 1220, 93 N.U.2d 382 (1999). New York law recognizes "negative covenants restricting competition are enforceable only, [but] to the extent that they satisfy the overriding requirement of reasonableness." *Johnson Controls, Inc. v. A.P.T. Critical Systems, Inc.*, 323 F.Supp.2d 525, 533 (S.D.N.Y. 2004).

The Defendant seeks enforcement of the restrictive covenants contained in the Plaintiffs' employment agreements which were assigned to EPIC as a part of the Defendant's purchase of USI's assets. Defendant contests the applicability of *BDO* in this case as it argues Thompson and Hall sold the interests including their pre-existing client accounts first to USI, who then sold those interests to EPIC in the 2016 asset purchase.

3

At the May 15th hearing, Plaintiffs asserted that the asset purchase agreement between Plaintiff and USI contained a successors and assigns provision which required the Plaintiffs' consent before USI could assign its interest to EPIC. Because EPIC did not obtain consent from Hall or Hylant, Plaintiffs argue EPIC failed to validly acquire any rights under this agreement. Alternatively, they argue that if such rights were acquired, they expired five years from the closing date of April 13, 2012, per the assert purchase agreement.

The motion for preliminary injunction is scheduled for May 24, 2017. There is authority to support that the loss of goodwill and a loss of a long-term client, such as in the present situation, constitutes irreparable harm. *Id.* at 532. The declarations submitted by Plaintiffs' long-standing clients express an interest in continuing to work with them and demonstrates more than a possibility of irreparable harm. At this juncture of the proceedings and given the upcoming hearing at which testimony will be adduced, I exercise my discretion and grant the TRO for purposes of maintaining the status quo until the preliminary injunction hearing.

For these reasons, Defendant's motion for TRO (Doc. No. 11) is granted. The Defendant shall file a bond in the amount of $50,000.00 with the Clerk's office. Therefore, the Plaintiffs are enjoined from soliciting, directly or indirectly any of EPIC's restricted clients until further order of this Court.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge